IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JiMi IP, LLC, <br> a Delaware limited liability company, <br><br> and <br><br> ROPES COURSES, INC. <br> a/k/a RCI ADVENTURE PRODUCTS, <br> a Michigan corporation, <br><br> Plaintiff, <br><br> v. <br><br> FUNCITY ADVENTURE PARK LLC, <br> an Illinois limited liability corporation, <br><br> Defendant. | Civil Action No. _____ |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiffs JiMi IP, LLC ("JiMi") and Ropes Courses, Inc., a/k/a RCI Adventure Products ("RCI") (collectively, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint against Funcity Adventure Park LLC ("Funcity" or "Defendant"), state as follows:

### I. THE PARTIES

1. Plaintiff JiMi is a limited liability company organized and existing under the laws of the state of Delaware, having a principal place of business at 145 Brady Street, Allegan, Michigan 49010.

2. Plaintiff RCI is a corporation organized and existing under the laws of the state of Michigan, having a principal place of business at 277 North St., Allegan, Michigan 49010.

3. Upon information and belief, Funcity is a corporation organized and existing under the laws of the state of Illinois, having a principal place of business at 215 Randall Road, Algonquin, Illinois 60102.

4. Upon information and belief, Defendant Funcity makes, has made, imports, offers for sale, sells and uses challenge courses and zip track systems throughout the United States and in this judicial district, including the instrumentalities accused of infringement by this complaint.

## II. JURISDICTION AND VENUE

5. This is a civil action to combat Defendant's willful infringement of Plaintiffs' exclusive patent rights arising under the patent laws of the United States, Title 35 of the United States Code. Defendant's infringement of Plaintiffs' exclusive patent rights is occurring in this judicial district and throughout the Unites States, including by Defendant's manufacture and/or importation of infringing products for distribution and sale in this judicial district.

6. Accordingly, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant, as Funcity maintains its corporate headquarters and principal place of business in this district, thereby availing itself of the laws of Illinois. This court also has personal jurisdiction over this action as Defendant conducts substantial business in this district, and the specific acts of infringement complained of herein are being committed in this district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant has a regular and established place of business in this District and has committed acts of infringement in this District.

### III. GENERAL ALLEGATIONS

A. **Plaintiffs JiMi and RCI's Business**

9. Plaintiff JiMi owns all right, title, and interest by assignment to numerous issued U.S. patents and pending applications, including U.S. Patent Nos. 8,066,578, 10,478,737, and No. 11,376,513 ("Asserted Patents"). JiMi's assignment to the Asserted Patents is recorded with the United States Patent and Trademark Office ("USPTO") at reel/frame number 052654/0330.

10. Plaintiff RCI is a licensee of the Asserted Patents, designing and manufacturing innovative and leading amusement products embodying the inventions disclosed in the Asserted Patents and other JiMi-owned patents. These products are installed and sold for a wide variety of industries throughout the United States and internationally. Since it was established in 1989, RCI has sold thousands of adventure products and particularly, challenge courses. Challenge courses are structures that allow a person or team to participate in various events, such as walking along swinging ropes or planks or zip lines, at elevated heights. Typically, these courses are manufactured and installed at recreational or amusement parks, cruise ships, or for military training.

11. The challenge courses can contain many different structural elements, including zip lines climbing activities, netplay, mazes and more. Among its products is the Sky Trail® tracking system. The Sky Trail® adventure course is a fully customizable aerial adventure ropes course that takes advantage of unused vertical space in a facility. Some exemplary photos are shown below:

3






(*See* http://www.rciadventure.com/sky-trail/.)

12. Another popular product is the Sky Rail®, which has a dedicated zip track that allows an individual to move along a rail, primarily driven by gravity. Sky Rail® tracks can be added and integrated into Sky Trail® challenge courses, and can be straight or curved. Some exemplary photos are shown below:

4



(*See* http://www.rciadventure.com/sky-rail.)

13. In addition to the Sky Trail® and Sky Rail® line of products, RCI also offers up other recreational courses and equipment, such as for indoor climbing, mazes, and adventure trail. (*See* http://www.rciadventure.com/catalog.)

14. RCI's proprietary technologies allow for the integration of multiple obstacles and events within a challenge course and zip track without the need for the individual customer to disengage from the track. The zip track technology also allows for more expeditious movement than a traditional rope-type zip line. In sum, RCI's products result in a safer and customizable system, all without sacrificing user capacity.

5

15. RCI has spent considerable time and resources to design, develop, manufacture, market, distribute, and with JiMi, patent its proprietary challenge courses, zip tracks, and related technologies and equipment. As a result, RCI has worked with industry leaders in the amusement park and leisure industry, which has led to tremendous growth in the last two decades. Accordingly, JiMi has obtained other patents on its proprietary challenge course and zip track technologies, and has applications covering additional concepts currently pending:

**RCI PATENTS**

RCI products are protected by patents in the United States and elsewhere. This page is intended to serve as notice under 35 U.S.C. § 287(a). Additional US and foreign patents may be pending.

**SKY TRAIL®, SKY TYKES® and DESTINATION™ SERIES**
US 7,175,534; US 7,981,004; US 8,066,578; US 8,360,937; US 8,752,668; US 8,893,852; US 9,884,633; US 10,093,328; US 10,105,564; US 10,213,699; US 10,478,737; US 10,638,018; US 10,814,149; US D862,875; US D865,895; US D865,896; AU 2017206253 B2; DE 112012001743 B4; GB 2505101 B; EM 005513967-0001 and -0002; EM 005659919-0001 through -0006; ZL 201830399728.5; ZL 201830444605.9.

**SKY RAIL®**
US 8,893,852; US 9,884,633; US 10,093,328; US 10,213,699; US 10,478,737; US 10,638,018; US 10,814,149; US D862,875; US D865,895; AU 2017206253 B2; DE 112012001743 B4; GB 2505101 B; EM 005513967-0001 and -0002; EM 005659919-0001 through -0006; ZL 201830399728.5; ZL 201830444605.9

**ROLLER RAIL™ ELEMENT (E148, ST E159)**
US D865,895; EM 005659919-0001 through -0006; ZL 201830444605.9

**WEAVE WALK™ ELEMENT (E144)**
US D865,896

**SLINGLINE (SEK738489, SEK738490, SEK738491, SEK738492, SEK738493, SEK738494, SEK738519, SEK738520, SEK738522, SEK738523)** US 8,893,852; US 10,638,018; US 10,814,149; US D862,875; EM 005513967-0001 and -0002; ZL 201830399728.5

**CTS ZIP LINE™**
US 7,416,054; US 8,683,925; US 8,807,044; US 8,893,852

**MAGNETIC LOCK CARABINER**
US 10,136,705

**RETRACTABLE CHALLENGE COURSE**
US 8,016,686

**OTHER TRACK SYSTEMS**
US 10,016,634; US 10,207,137; CA 2865320 C

(*See* rciadventure.com/rci-difference.com.) RCI is also a licensee of the these additional patents and pending applications shown above.

B. **The Asserted Patents**

16. U.S. Patent No. 8,066,578 ("the '578 Patent") titled "Challenge Course" was filed on January 3, 2007 and is a continuation in part of Application No. 11/017,877 filed on December

21, 2004. The USPTO duly and legally issued the '578 Patent on November 29, 2011. A copy of the '578 Patent is attached hereto as Exhibit A and incorporated herein by reference.

17. Independent Claim 1 of the '578 Patent is representative of the subject matter of the '578 Patent and is set forth in its entirety below:

> 1. A challenge course (10) comprising:
>     a frame (20) having a track (120);
>     said track (120) adapted to receive a moveable member (360) and said track (120) having an intersection (126);
>     horizontally oriented platform (170) fixedly disposed to said frame (20);
>     an obstacle (300) secured to said frame (20), said obstacle (300) separated by said platform (170); and
>     a safety cable (350) extending from said moveable member (360), whereby a person using the challenge course (10) can be connected to the safety cable (350).

18. U.S. Patent No. 10,478,737 titled "Zip Track and System" was filed on February 22, 2019 and is a continuation of Application No. 14/913,855 filed on January 11, 2012. The USPTO duly and legally issued the '737 Patent on November 19, 2019. A copy of the '737 Patent is attached hereto as Exhibit B and incorporated herein by reference.

19. Independent Claim 10 of the '737 Patent is representative of the subject matter of the '737 Patent and is set forth in its entirety below:

> 10. A track system for a challenge course comprising:
>     a zip track extending between two structures of the challenge course, the zip track having a first end and a second end;
>     the first end and the second end of the zip track are integrally connected to a puck track which traverses through the challenge course;
>     the zip track has a wheel support provided vertically lower than a puck support of the puck track;
>     a body moveably disposed within the puck track and the zip track;
>     the body has a puck and at least one rotating member, the at least one rotating member being disposed on the body downwardly from the puck;
>     wherein the body extends from the puck to attach to a lanyard, the lanyard can be attached to a safety harness worn by a user;
>     wherein the puck can slide above the puck support of the puck track;
>     wherein the at least one rotating member can roll above the wheel support of the zip track.

20. U.S. Patent No. 11,376,513 ("the '513 Patent") titled "Zip Track and System" was filed on November 14, 2019 and is a continuation of Application No. 14/913,855 filed on January 11, 2012. The USPTO duly and legally issued the '513 Patent on July 5, 2022. A copy of the '513 Patent is attached hereto as Exhibit C and incorporated herein by reference.

21. Independent Claim 1 of the '513 Patent is representative of the subject matter of the '513 Patent and is set forth in its entirety below:

> 1. A track system for a challenge course comprising:
> a puck track having a puck support surface, wherein a puck track opening extends through the puck support surface;
> a zip track having a rotating member support surface which extends between a first end of the zip track and a second end of the zip track, wherein the first end of the zip track is positioned higher than the second end of the zip track; and
> a moveable body comprising a puck and a rotating member, wherein the moveable body is displaceable along the puck track and the zip track, with the puck being disposed above the puck support surface when the moveable body is displaced along the puck track, and the rotating member being disposed above the rotating member support surface when the moveable body is displaced along the zip track;
> wherein the puck track overlaps with the zip track through at least a portion of the zip track, such that the puck is disposed above the puck support surface and the rotating member is disposed above the rotating member support surface when the moveable body is moved onto the first end of the zip track.

22. The '578, '737, and '513 Patents are together referred to as the "Asserted Patents."

23. RCI products embodying the inventions of the Asserted Patents are distributed throughout the United States, and have been marked with the Asserted Patents, which constitutes notice of RCI's exclusive rights, pursuant to 35 U.S.C. § 287(a). (*See* https://rciadventure.com/rci-difference/.)

24. Other than to RCI, JiMi has not licensed any of its rights to the Asserted Patents, and thus Plaintiffs have maintained their exclusive monopoly to the inventions contained therein.

C. **Defendant's Unlawful Conduct**

25. Upon information and belief, Defendant Funcity is one but several "Funcity" entities that operate adventure parks throughout the United States. Upon further information and belief, Defendant Funcity and the other "Funcity" locations in the U.S. were formed on or around 2022 and opened an adventure park in Algonquin, Illinois on or around February 2024.

26. Defendant Funcity's adventure park in Algonquin, Illinois offers multiple attractions for kids and adults. *See* www.funcityalgonquin.com. Among its attractions advertised are challenge courses that contain zip tracks and various obstacles and ropes courses, among other events:




. *Id.* These challenge courses are referred to as the "Accused Products."

9

27. Other publicly available photographs on Defendant's Facebook page also confirm that the Accused Products contain the elements of at least Claim 1 of the '578 Patent:



. (*See* http://www.facebook.com/funcityalgonquin) (annotated above).)

28. Other photographs also appear to confirm certain claim elements of Claim 1 of the '578 Patent:



29. Upon information and belief, the Accused Products infringe at least Claim 10 of the '737 Patent, as they contain a track system for a challenge course comprising: a zip track extending between two structures of the challenge course, the zip track having a having a first end and a second end; the first end and the second end of the zip track are integrally connected to a puck track which traverses through the challenge course; the zip track has a wheel support provided vertically lower than a puck support of the puck track; a body moveably disposed within the puck track and the zip track; the body has a puck and at least one rotating member, the at least one

rotating member being disposed on the body downwardly from the puck; wherein the body extends from the puck to attach to a lanyard, the lanyard can be attached to a safety harness worn by a user; wherein the puck can slide above the puck support of the puck track; wherein the at least one rotating member can roll above the wheel support of the zip track.

30. Upon information and belief, the Accused Products infringe at least Claim 1 of the '513 Patent, as they contain a track system for a challenge course comprising: a puck track having a puck support surface, wherein a puck track opening extends through the puck support surface; a zip track having a rotating member support surface which extends between a first end of the zip track and a second end of the zip track, wherein the first end of the zip track is positioned higher than the second end of the zip track; and a moveable body comprising a puck and a rotating member, wherein the moveable body is displaceable along the puck track and the zip track, with the puck being disposed above the puck support surface when the moveable body is displaced along the puck track, and the rotating member being disposed above the rotating member support surface when the moveable body is displaced along the zip track; wherein the puck track overlaps with the zip track through at least a portion of the zip track, such that the puck is disposed above the puck support surface and the rotating member is disposed above the rotating member support surface when the moveable body is moved onto the first end of the zip track.

31. Upon information and belief, since it was formed, Funcity has been aware of RCI's novel and improved designs for zip tracks and challenge courses as it has been offering for sale and selling the Accused Products through the same channels and to the same customers as RCI's.

32. Specifically, at least as early as approximately Fall 2018, Funcity became aware of RCI at the IAAPA Expo in Orland, Florida, which is the largest trade show for the attractions industry. There, Funcity inquired about buying and getting RCI to install a Sky Tykes® and Sky

12

Rail® systems before summer 2019,. Accordingly, Funcity had actual knowledge of at least the Sky Rail® and Sky Trail® products and thus, the Asserted Patents.

33. Defendant's construction, installation, use, and advertising of its challenge courses at the Algonquin location directly infringes, either literally or under the doctrine of equivalents, one or more claims of the Asserted Patents, including the exemplary claims set forth herein.

34. Plaintiffs have been damaged by Defendant Funcity's conduct through lost revenues and sales.

35. If Defendant is permitted to continue their infringing and unlawful acts complained of herein, those actions are highly likely to cause irreparable injury to Plaintiffs, for which there is no adequate remedy at law.

## IV. FIRST CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 – U.S. Patent No. 8,066,578)

36. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-35 above.

37. Defendant's activities in making, using, selling and/or offering to sell in the United States and/or importing into the United States the Accused Products constitutes direct infringement of the '578 Patent, in violation of 35 U.S.C. § 271(a).

38. Defendant's actions of making, having made, importing, using or selling products which infringe the '578 Patent have been, and are, willful, deliberate and/or in conscious disregard of Plaintiffs' exclusive patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Plaintiffs to an award of its attorneys' fees and treble damages.

39. Defendant's infringement of the '578 Patent has caused and continues to cause damage to Plaintiffs in an amount to be ascertained at trial.

40. Upon information and belief, Defendant's infringement of the '578 Patent has caused and will continue to cause irreparable injury to Plaintiffs, to which there exists no adequate remedy at law. Defendant's infringement of the '578 Patent will continue unless enjoined by this Court.

## V. SECOND CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 – U.S. Patent No. 10,478,737)

41. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-40 above.

42. Defendant's activities in making, using, selling and/or offering to sell in the United States and/or importing into the United States the Accused Products constitutes direct infringement of the '737 Patent, in violation of 35 U.S.C. § 271(a).

43. Defendant's actions of making, having made, importing, using or selling products which infringe the '737 Patent have been, and are, willful, deliberate and/or in conscious disregard of Plaintiffs' exclusive patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Plaintiffs to an award of its attorneys' fees and treble damages.

44. Defendant's infringement of the '737 Patent has caused and continues to cause damage to Plaintiffs in an amount to be ascertained at trial.

45. Upon information and belief, Defendant's infringement of the '737 Patent has caused and will continue to cause irreparable injury to Plaintiffs, to which there exists no adequate remedy at law. Defendant's infringement of the '737 Patent will continue unless enjoined by this Court.

## VI. THIRD CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 – U.S. Patent No. 11,376,513)

46. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-45 above.

47. Defendant's activities in making, using, selling and/or offering to sell in the United States and/or importing into the United States the Accused Products constitutes direct infringement of the ''513 Patent, in violation of 35 U.S.C. § 271(a).

48. Defendant's actions of making, having made, importing, using or selling products which infringe the '513 Patent have been, and are, willful, deliberate and/or in conscious disregard of Plaintiffs' exclusive patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Plaintiffs to an award of its attorneys' fees and treble damages.

49. Defendant's infringement of the '513 Patent has caused and continues to cause damage to Plaintiffs in an amount to be ascertained at trial.

50. Upon information and belief, Defendant's infringement of the '513 Patent has caused and will continue to cause irreparable injury to Plaintiffs, to which there exists no adequate remedy at law. Defendant's infringement of the '513 Patent will continue unless enjoined by this Court.

## VII. FOURTH CLAIM FOR RELIEF
### (Accounting)

51. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-50 above.

52. Defendant has manufactured, imported, sold, used, and/or distributed products and which directly and indirectly infringe Plaintiffs' exclusive rights in the '578, '737, and '513 Patents. The infringement by Defendant has deprived Plaintiffs of sales and profits, which it

15

otherwise would have made, and resulted in the unjust enrichment of Defendant at the expense of and to the detriment of Plaintiffs. Defendant's actions have resulted in improper profits, revenues, and other financial gains to Defendant for which Plaintiffs are entitled to reimbursement.

53. Plaintiffs do not know the precise number of infringing products sold or the amount of revenue and profits realized by Defendant, which information is uniquely within the knowledge of Defendant. Plaintiffs are therefore entitled to an accounting, at Defendant's expense, to determine the amount of profits Defendant has unjustly obtained by its acts of infringement complained of herein.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in its favor and against Defendant as follows:

1. Declaring that Defendant has infringed U.S. Patent Nos. 8,066,578, 10,478,737, 11,376,513 (collectively, the "Asserted Patents");

2. Declaring that Defendant's infringement was knowing, intentional, and willful;

3. Issuing temporary, preliminary, and permanent injunctions enjoining the Defendant, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from:

   A. further infringing the Asserted Patents, pursuant to 35 U.S.C. § 283, by importing, making, having made, offering for sale, selling or using the Accused Products; and

   B. engaging in any other activity constituting an infringement or misappropriation of Plaintiffs' exclusive rights under the Asserted Patents.

4. Ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing or referring to the Accused Products, or any

16

colorable imitation thereof, and all plates, molds, templates, programs, matrices, and other processes and/or means of making the same be delivered to Plaintiffs for destruction;

5. Ordering Defendant to file with the Court and serve on Plaintiffs' counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

6. For an accounting of all profits derived from Defendant's infringement, at Defendant's expense;

7. Awarding damages arising out of Defendant's infringement of the Asserted Patents in an amount not less than a reasonable royalty for each act of infringement pursuant to 35 U.S.C. § 284, and trebling those damages pursuant to 35 U.S.C. § 284, together with costs and pre- and post-judgment interest;

8. Finding that this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees and costs to Plaintiffs;

9. For exemplary and/or punitive damages;

10. For the recovery of costs, pre-judgment and post-judgment interest to the extent applicable under controlling law; and

11. For such other and further relief as the Court may deem just and proper.

## IX. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

DATED: June 24, 2024

Respectfully submitted,

By: */s/William F. Dolan*
William F. Dolan
William.Dolan@fisherbroyles.com
FISHERBROYLES, LLP
203 North LaSalle Street, Suite 2100
Chicago, IL 60601
Telephone: (312) 399-4362

and

By: */s/ Patricia Y. Ho*
Patricia Y. Ho
Patricia.Ho@fisherbroyles.com
FISHERBROYLES, LLP
1400 16th Street
16 Market Square, Suite 400
Denver, Colorado 80202
Telephone: (303) 875-8709

ATTORNEYS FOR PLAINTIFFS
JiMi IP, LLC and ROPES COURSES, INC.